## NATHAN T. CUMMINS v. FRED J. RUSSELL, CIRCUIT JUDGE OF MUSKEGON COUNTY.

BILL OF PARTICULARS—IN ACTION FOR NEGLIGENTLY SETTING A FIRE.

Relator applied for *mandamus* to compel the respondent to set aside a judgment of non-suit entered in an action brought against a railway company to recover damages sustained by relator by reason of the negligent setting of fire by the defendant upon its right of way, which communicated to and destroyed plaintiff's property, because of the failure of the plaintiff to furnish a bill of particulars showing the amount of damages claimed for each item or kind of property alleged in the decleration to have been destroyed. An order to show cause was denied October 6, 1896.

*Arthur Jones,* for relator, contended:

1. That defendant was not entitled to a bill of particulars; citing *Everett v. Circuit Judge,* 39 Mich. 437; *Kehrig v. Peters,* 41 Id. 475; *Shadock v. Plank Road Co.,* 79 Id. 7; *Van Vranken v. Circuit Judge,* 85 Id. 140.

The facts as alleged in the petition for *mandamus* were:

*a*—That on December 7, 1895, relator commenced a suit in the circuit court for Muskegon county against the Chicago & West Michigan Railway Company for the purpose of recovering certain damages by him sustained by reason of the destruction of certain property owned by him on his farm in the township of Fruitport in said county (describing the land) by fire, alleged to have been negligently set upon defendant's right of way, and communicated to said property.

*b*—That for an allegation of the damages by him sustained plaintiff in his declaration averred that "said fire burned, injured, and destroyed about 90 rods of post and wire fence and about 60 rods of log fence, about 15 acres of green standing timber of various kinds, and burned and injured the soil on about 35 acres of valuable land, and partially destroyed the fertility thereof, and burned and destroyed about two acres of meadow land, burning the roots of the grass growing therein, and burning the soil thereof, all on the aforesaid lands of the plaintiff." That the amount of damages sustained was not specified, except by a general averment at the close of each count, "that by reason of the negligence aforesaid the plaintiff had been injured as aforesaid to his damage of one thousand dollars."

*c*—That on January 27, 1896, the defendant caused a plea of the general issue to be filed to said declaration.

*d*—That on April 17, 1896, the defendant, through its attorneys, demanded a bill of particulars of the particular damages which plaintiff claimed to have sustained as generally averred in his declaration.

*e*—That the case was continued over the April, 1896, term of court upon the motion of the defendant on account of the absence, as alleged, of a material witness.

*f*—That on October 1, 1896, the case came on for trial upon the issue joined therein; that relator was present with his witnesses, and the defendant was also there; that after a jury had been called and sworn, and relator as a witness in his own behalf had testified as to his residence and occupation, the counsel for defendant objected to the introduction of any evidence in the case on the part of the plaintiff for the reason that he had not complied with said demand for a bill of particulars; that counsel for relator contended that under the rules of practice he was not required to furnish

said bill of particulars, which contention was overruled by the respondent, who refused to permit any evidence to be taken under the declaration, whereupon relator was obliged to and did submit to a non-suit with leave to move to have the same set aside; that a motion to that effect was afterwards entered and argued, and denied.